STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 Docket No. RE-10-02

CITIMORTGAGE INC.,

        Plaintiff,

v.                                               ORDER


CHARLES BICKFORD, et al.

        Defendants.


        Jury-waived trial was held on May 12-13, 2011. There are three disputed issues

in the case, each of which raises issues of fact and law.


        1. The first issue is whether a notice of default and right to cure was properly

sent under the terms of the mortgage.

        On this issue the court finds that although Citimortgage became the servicer of

the mortgage loan at issue here in March 2007, it did not prove that it became the holder

of the note and mortgage as of April 2009 or at any time prior to July 2009.

        This is important because the notice of default and right to cure letter in this case

was sent by Citimortgage to Charles Bickford and Maureen Bickford at 4 Easter

Avenue, Windham ME in April 2009 – at a time when Citimortgage was the servicer of

the mortgage loan but was not the holder.

        The mortgage (¶22) states that the "lender" must send a notice of default.

"Lender" is defined in the mortgage as Wausau Mortgage Corp but would also include

"any Person who takes ownership of the Note and this Security Instrument."

Defendants argue that under the mortgage, Citimortgage was not the lender as of April 2009 because it had not taken ownership of the note and mortgage at that time.

The court concludes that the terms of the mortgage were not violated when Citimortgage as servicer sent the notice of default and right to cure in April 2009. As a matter of law, the mortgage does not bar a lender from using a servicer or other agent, and under the law of agency, Citimortgage's action in sending a notice of default and right to cure – as agent for Wausau – did not violate ¶ 22 of the mortgage. This is true so long as the Bickfords had been notified that Citimortgage was the servicer. They had been given such notification in this case (Defendants' Ex. 2) and had in fact been making their payments to Citimortgage.[1]

2. The second issue is whether the sending of a notice of default and right to cure by Citimortgage as a servicer complied with 14 M.R.S. § 6111. The 2009 amendments to that section took effect on June 15, 2009, after the notice was sent in this case. Nevertheless, the version of § 6111 that was in effect prior to the 2009 amendments was applicable because the court finds that this was a mortgage where at least one of the mortgagors (Maureen Bickford, now Maureen Lufkin) was indisputably occupying the property in April 2009 as her primary residence and the mortgage secured a loan for personal, family, or household use.

Under § 6111 as it existed in April 2009, the statutory provisions relating to notice of default and right to cure did not apply if there was an applicable mortgage

---

[1] In light of the problems that have arisen with respect to mortgages in the past 2-3 years and subsequent statutory amendments, a reasonable argument can be made that the mortgage should be strictly construed and that the required notice should come from the lender, not a servicer. One problem with that argument, at least in this case, is that where the Bickfords had been told that Citimortgage was the servicer and where they had been making payments to Citimortgage, a default notice from another party (Wausau) might have led to confusion.

2

provision providing for a notice of default and right to cure and "if the mortgagee gives such a notice to the mortgagor and to any cosigner against whom the mortgagee seeks to enforce the obligation secured by the mortgage." 14 M.R.S. § 6111(5)(B), as in effect on April 2009.

Having found that Citimortgage was entitled under the terms of the mortgage to send the notice of default as a servicer even if it was not the lender, the court concludes that the fact that the notice was sent by Citimortgage in this case also did not constitute a violation of the then-existing version of § 6111. The court understands that a contrary argument can be made under MERS v. Saunders, 2010 ME 79 ¶ 11, which holds that the word "mortgagee" in 14 M.R.S. § 6321 should be interpreted according to its plain meaning and would not include MERS. The issue of who is a "mortgagee" for purposes of § 6321 goes to the fundamental question of standing. Standing is not involved in this case, and the court does not conclude that the references to mortgagee in the version of § 6111 that was in effect in April 2009 required that Wausau – instead of Citimortgage as servicer – give the required notice.

3. The third issue is whether Citimortgage complied with the terms of then-existing § 6111 when it sent the default notice to Charles and Maureen Bickford at 4 Easter Avenue in Windham. At that time Maureen Bickford was a co-mortgagor and was equally liable on the note and mortgage, but she did not receive her mail at 4 Easter Avenue because she had remained in the mortgaged premises. In fact, Maureen did not receive a notice of default and right to cure at any point in the process.

The mortgage (¶ 15) provides that notice to one borrower will constitute notice to all borrowers "unless Applicable Law expressly requires otherwise" and that there may be only one designated address at any one time. In the court's view, the requirement in

3

the then-existing version of § 6111(5)(B) that the mortgagee must send the default notice called for under the provisions of the mortgage to "the mortgagor and to any co-signer against whom the mortgagee seeks to enforce the obligation" expressly requires notice to both mortgagors if there are two mortgagors.[2] See also § 6111(1) (notice to be given to the mortgagor and cosigner at the last known "addresses" – plural – of the mortgagor and any cosigner).

The reason why the provision that notice to one borrower is notice to all is contrary to Maine law is exemplified by the situation in this case. Charles and Maureen had become estranged and, once Charles changed his address,[3] Maureen would not necessarily learn and did not in fact learn that a notice of default had been sent. A notice of default is a very important stage in the foreclosure process because it is the last time that a mortgagor has the right to bring the loan current and avoid acceleration, and it therefore violates Maine law for a mortgagee or its agent to be able to utilize the "notice to one borrower is notice to all" and the "only one address per account" provisions to avoid giving notice to one of the mortgagors.

In order to default Mrs. Bickford, Citimortgage was obliged to consider that notice to her might require a separate address and to at least make inquiry as to where she could be reached. In this connection, the court notes that Citimortgage's account records demonstrate that Citimortgage elsewhere reflected its awareness of Maureen's

---

[2] This is supported by the fact that if Maureen were deemed to be a cosigner, the statute would require notice to her. The same requirement necessarily applies to a co-mortgagor.

[3] The court finds that when Charles called to report his change of address, he simply told Citimortgage that his address had changed and did not inform Citimortgage that all correspondence addressed to either him or Maureen was to be sent to the new address.

status as a second borrower and the circumstances under which she should be separately contacted. See Plaintiff's Ex. H, page 72, entry for March 8, 2009.[4]

Accordingly, the court finds that Citimortgage is not entitled to foreclosure under the facts in this case. Moreover, Citimortgage cannot argue that it is entitled to a foreclosure against Charles even if it is not entitled to foreclosure against Maureen because sending a proper notice of default to all mortgagors is a prerequisite to foreclosure and Citimortgage did not do that in this case.

The entry shall be:

Judgment for defendants. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May _13_, 2011

Thomas D. Warren
Justice, Superior Court

---

[4] "Prim Borr do not call flag turned on for wk phone 2070093338, Second Borr do not call flag turned on for hm phone 2078930087."